# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0388-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELYSE M. CASTILLO,
a/k/a M. ELYSE CASTILLO,

    Defendant-Appellant.

_____

Submitted May 14, 2026 – Decided July 20, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-10-1065.

Jennifer M. Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Wayne Mello, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, and Melanie Zelikovsky, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an October 1, 2024 Law Division order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In October 2019, a Hudson County Grand Jury returned a four-count indictment charging defendant with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(b) (count one); second-degree endangering the welfare of a child by a caretaker, N.J.S.A. 2C:24-4(a)(1) (count two); third-degree witness tampering, N.J.S.A. 2C:28-5(a)(1) (count three); and fourth-degree diseased person sexual intercourse, N.J.S.A. 2C:34-5(a) (count four). On defendant's motion, the trial court subsequently dismissed count two. In September 2020, defendant pleaded guilty to count one, amended to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4), based on her having engaged in sexual activity with a fifteen-year-old.

Because defendant's conviction fell under the purview of the Sex Offender Act (SOA), N.J.S.A. 2C:47-1 to -10, she was subject to a psychological examination pursuant to N.J.S.A. 2C:47-1. Based on the resulting evaluation, the sentencing court found defendant's conduct was characterized by a pattern of repetitive and compulsive behavior, and she was amenable to and willing to

participate in sex offender treatment. Consistent with the negotiated plea agreement and in accordance with the SOA, she was sentenced to a seven-year prison term, Megan's Law registration, N.J.S.A. 2C:7-1 to -23, Parole Supervision for Life, N.J.S.A. 2C:43-6.4, forfeiture of her teaching certificate and public employment, and mandatory fines, fees, and penalties. We considered defendant's appeal on the sentencing oral argument calendar and, apart from vacating a penalty on consent of the parties, affirmed the sentence. State v. Castillo, No. A-2205-21 (App. Div. Oct. 19, 2022).

Defendant filed a self-represented petition for PCR, and appointed counsel later submitted a supporting brief. Defendant contended, among other claims not germane to this appeal, her trial counsel was ineffective for failing to investigate and present an equal protection argument at sentencing.

In its June 20, 2024 written opinion, the PCR court denied defendant's petition without an evidentiary hearing. As a threshold matter, the court found defendant's petition was procedurally barred by Rule 3:22-5 because it raised claims substantially equivalent to the claims defendant raised at sentencing and on direct appeal.

Although it found the petition procedurally barred, the PCR court nevertheless addressed and rejected it on the merits. The court noted defendant's

3

equal protection claim of disparate sentencing treatment was rejected by both the sentencing court and this court because she failed to show "males and females receive different [sex offender] treatment." Having found defendant unable to satisfy the prejudice requirement of Strickland v. Washington, 466 U.S. 668 (1984), the PCR court determined the petition failed to state a viable claim.

Defendant raises the following issues on appeal:

POINT I.

THE PCR COURT ERRED IN RULING THE CLAIM TO BE PROCEDURALLY BARRED UNDER R[ULE] 3:22-5.

POINT II.

THE PCR COURT ERRED IN DENYING THE PCR WITHOUT AN EVIDENTIARY HEARING BECAUSE [DEFENDANT] ESTABLISHED A PRIMA FACIE CASE THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE AT THE TIME OF THE GUILTY PLEA BY MISADVISING HER REGARDING THE CONSEQUENCES OF THE PLEA.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard also applies to

4

mixed questions of law and fact. Ibid. Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the test set forth in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must demonstrate: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58-60.

To set aside a guilty plea on PCR, a defendant must demonstrate: (1) counsel's performance was not "within the range of competence demanded of attorneys in criminal cases," and (2) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); and then quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

"Plea counsel's performance will not be deemed deficient if counsel has provided the defendant 'correct information concerning all of the relevant

5

material consequences that flow from such a plea.'" State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (quoting State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012)). "Stated another way, counsel must not 'provide misleading, material information that results in an uninformed plea.'" Ibid. (quoting Gaitan, 209 N.J. at 353) (internal quotation marks omitted).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (quoting State v. Porter, 216 N.J. 343, 355 (2013)) (internal quotation marks omitted). Where a "court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR] or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted); see R. 3:22-10(e)(1) to (2).

As a threshold issue, the PCR court found defendant's petition was barred under Rule 3:22-5, which states: "A prior adjudication upon the merits of any

ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings." Defendant argues the court incorrectly found her claim barred because her PCR "claim was based on a different legal theory and could only be supported with evidence not in the trial record." The record reflects defense counsel raised equal protection claims during sentencing and on appeal. Because defendant's petition recast her unsuccessful equal protection claims as ineffective assistance claims, it was not precluded by Rule 3:22-5 and the PCR court mistakenly dismissed it on this ground.

Although the petition was not procedurally barred, the PCR court correctly concluded it nevertheless failed on the merits. Defendant, as a female, was not housed at the Adult Diagnostic and Treatment Center, which is the designated facility for the treatment of male sexual offenders, and served her sentence at the Edna Mahan Correctional Facility for Women (Edna Mahan). See N.J.S.A. 2C:47-4.2. As the PCR court explained, defendant claimed treatment was more limited at Edna Mahan, where

> she does not have direct access to the classes she is required to pass in order to make herself eligible for parole. Though she is now participating in the required class, [d]efendant argues that the delay has subjected

her to a longer sentence than a similarly situated male prisoner would be subject to, resulting in a violation of the Equal Protection Clause. She further argues that trial counsel failed to effectively argue and provide evidence for this claim, and this resulted in ineffective assistance of counsel.

The court noted defense counsel submitted a sentencing brief "setting out [defendant's] argument on the [e]qual [p]rotection violation." Counsel also argued this point during the sentencing hearing, contending "the treatment options that are offered at Edna Mahan are inferior." Appellate counsel raised the same unsuccessful equal protection arguments on appeal.

As the PCR court found, "Defendant was required to make a showing that her sentence resulted in disparate treatment from what would happen for a similarly situated male offender. She has failed to make such a showing previously and fails to make such a showing here." While the PCR court determined this claim failed to meet the second prong of Strickland, we are also unconvinced it satisfied the first prong.

Defendant must demonstrate counsel's arguments in support of her equal protection claim fell below the constitutional standard. To do so, she is required to allege specific facts in support of her contention, not just bald assertions that counsel was unconvincing or further investigation would have uncovered

8

evidence in support of her disparate treatment claim. Because her petition fell short of demonstrating counsel's performance was deficient, this claim failed.

On appeal, defendant presents a different variation of this contention, which she did not raise in her petition: trial counsel was ineffective by failing to advise her about the "difficulty she would have in completing required treatment for parole eligibility and instead, misadvising her that she would be immediately eligible for parole given her lack of prior record."[1] We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also State v. Witt, 223 N.J. 409, 418-19 (2015). Neither exception is present in this matter.

Even if we considered this newly minted argument, defendant's contentions are belied by the record. During the plea hearing, the court questioned defendant extensively about the agreement and advised her she may be sentenced under the SOA, whereupon "standard parole guidelines would not apply to [her] case."

---

[1] Counsel raised this issue for the first time during argument, and the PCR court's opinion did not discuss it. We denied defendant's motion for a temporary remand to have the PCR court address it.

In addition, the plea forms do not support defendant's claim. She confirmed under oath she reviewed the plea forms with counsel, who answered all her questions. The plea forms include a supplemental form entitled "Additional Questions for Certain Sexual Offenses," which advises defendants they will be sentenced under the SOA if the sentencing court finds their conduct was the result of repetitive and compulsive behavior, and they are willing and amenable to treatment.

Defendant also answered "Yes" to the following questions on the supplemental form:

> 5.    Do you understand if you are sentenced to the Adult Diagnostic and Treatment Center
>
>     a.    that any future parole will not be guided by the normal parole guidelines?
>
>     b.    that you will be eligible for release when the State Parole Board, after receiving a recommendation from a special classification review board, finds you have achieved a satisfactory level of progress in sex offender treatment and that you will then be released on parole unless the State Parole Board determines by a preponderance of the evidence that you have failed to cooperate in your rehabilitation or there is reasonable expectation that you will violate conditions of parole?
>
>     c.    that you could spend more time in treatment than you would spend if sentenced to state prison?

The supplemental form also includes the following advisement in bold: "NOTE: If the defendant is a female and qualifies for sex offender treatment, she will not be confined at the Adult Diagnostic and Treatment Center but a facility designated by the Commissioner of Corrections where she will receive similar sex offender treatment." Thus, the record reflects defendant was advised of the consequences of being sentenced under the SOA, including her assignment to a facility designated for treatment of female sex offenders.

We also note defendant's PCR petition did not address the second prong of Strickland. She did not argue or certify to any facts establishing that, but for counsel's alleged errors, she would not have pleaded guilty and would have gone to trial. This deficiency is fatal to the entirety of the petition.

Defendant did not demonstrate a prima facie claim for relief, material issues of disputed fact, or an evidentiary hearing was necessary. As a result, the denial of her request for a hearing was not an abuse of discretion. R. 3:22-10(b); see State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-0388-24